## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**REMI HAGEN,**

U.S. Civil Action No. 2:12-cv-11442

Plaintiff,

v.

Honorable. Denise Page Hood
Magistrate Michael J. Hluchaniuk

**DETROIT DIESEL CORPORATION**,

Defendant.

_____

| | |
|---|---|
| **KITCH DRUTCHAS WAGNER** | **CLARK HILL PLC** |
| **VALITUTTI & SHERBROOK** | **DAVID M. CESSANTE (P58796)** |
| **KAREN B. BERKERY (P38698)** | **ANNE-MARIE V. WELCH (P70035)** |
| **BRETT J. MILLER (P68612)** | Attorneys for Defendant |
| Attorneys for Plaintiff | 500 Woodward, Suite 3500 |
| 1 Woodward, Suite 2400 | Detroit, MI 48226 |
| Detroit, MI 48226 | (313) 965-8300 |
| (313) 965-6480 | dcessante@clarkhill.com |
| Karen.Berkery@kitch.com | awelch@clarkhill.com |
| Brett.Miller@kitch.com | |

_____

## STIPULATED PROTECTIVE ORDER
## REGARDING CONFIDENTIAL INFORMATION AND
## DOCUMENTS PRODUCED DURING DISCOVERY

The parties having agreed through their respective counsel that Defendant may produce

confidential information and/or documents during the course of discovery, which includes

certain business records and personnel-related information and documents; the parties having

agreed that such records and information be subject to the terms contained in this Protective

Order; the parties having shown good cause for entry of this Protective Order on the basis that

the aforementioned information and documents contain private, confidential and proprietary

information; Defendant having shown that disclosure of this information to the public, could be

damaging to Defendant and/or could result in embarrassment, humiliation, identity fraud and/or

an invasion of privacy to the individual whose personnel and/or related information is disclosed;

and the Court being otherwise fully advised in this matter:

**IT IS HEREBY ORDERED** that Defendant may designate as confidential any

information or material that contains personal, medical, confidential and/or proprietary

information of, or relating to Defendant or Defendant's current or former employees or

applicants.  Any documents and/or information contemplated under this paragraph are referred to

herein as Protected Information.

**IT IS FURTHER ORDERED** that Protected Information shall be designated as follows:

a.      In the case of documents, designation shall be made by placing the following
        legend, as appropriate, on each and every page of such document prior to
        production: "CONFIDENTIAL."

b.      A party or entity producing original documents and things for inspection shall
        have the option to require that all batches or such documents and things be treated
        as Protected Information during inspection and to make its designations of
        particular documents and things pursuant to paragraph (a) of this section at the
        time copies of documents and things are produced or furnished.

c.      A party's attorney may attach Protected Information as exhibits in depositions,
        provided that the Protected Information is identified and treated as confidential
        and remains subject to the terms of this Protective Order.

**IT IS FURTHER ORDERED** that Plaintiff's attorney shall not show or discuss the

Protected Information with anyone other than his/her client (only as required), expert witnesses

(only as required and upon prior written notice to the opposing party) and specifically necessary

employees or agents of the attorney (only as required) all of whom shall be notified of and shall

be bound by the terms of this Protective Order; **PROVIDED HOWEVER,** that such access and

review shall be only for the limited purpose of preparation of Plaintiff's case for this litigation,

and for no other purpose whatsoever.  Any party to whom Protected Information is disclosed

2

shall not reveal such material to or discuss such material with any person who is not entitled to disclosure of such material.

**IT IS FURTHER ORDERED** that in the event Defendant mistakenly or inadvertently produces Protected Information to Plaintiff without a "Confidential" designation, whether before or after any entry of this Order, Defendant may subsequently designate such information as "Confidential." Defendant shall also be permitted to designate as "Confidential" Protected Information produced as part of Defendant's Initial Disclosures or during Plaintiff's deposition. In each such case, Defendant shall provide to Plaintiff written notice of that designation and a copy of the document appropriately marked.

**IT IS FURTHER ORDERED** that should any Protected Information be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, then Counsel producing such Protected Information shall promptly identify the recipient and circumstances of the unauthorized disclosure to opposing Counsel and use best efforts to bind the recipient to the terms of this Protective Order.

**IT IS FURTHER ORDERED** that if Plaintiff has a good faith belief that files or documents have been improperly designated as "Confidential," he may challenge the designation by using following procedure:

    a.    Plaintiff shall provide written notification to Defendant's counsel of the challenge to the "Confidential" designation.

    b.    If the challenge is not resolved between the parties within 10 calendar days of written notification, Defendant and its counsel shall have the burden of moving the Court for a protective order upholding its designations.

    c.    If Defendant timely files the motion, challenged files or documents shall remain subject to this Protective Order until the Court resolves Defendant's motion for protective order.

3

**IT IS FURTHER ORDERED** that upon request by Defendant's counsel and within thirty (30) days after the conclusion of this litigation, Plaintiff's counsel shall, within thirty (30) days after such request, return to Defendant's counsel Protected Information, including any and all copies.  Alternatively, Plaintiff's counsel may execute a certification stating that all Protected Information has been destroyed and no copies have been retained.

**IT IS FURTHER ORDERED** that the entry of this Protective Order shall not prevent either party from objecting to discovery that it believes to be improper.  The entry of this Order shall not preclude either party from objecting to discovery, or to other disclosure, where it believes that, notwithstanding the terms hereof, production or disclosure in response to a discovery request or otherwise, is objectionable, or will, in the absence of further relief, result in objectionable or improper disclosure, such as, but not limited to, disclosure of privileged, confidential and/or proprietary business information.

**IT IS FURTHER ORDERED** that this Protective Order shall survive entry of a final judgment in this litigation.

s/Denise Page Hood
Denise Page Hood
UNITED STATES DISTRICT JUDGE

Dated:  November 1, 2012

**STIPULATED AND AGREED**

| | |
|---|---|
| */s/ Brett J. Miller (w/consent)* | */s/ Anne-Marie Vercruysse Welch* |
| **KITCH DRUTCHAS** | **CLARK HILL PLC** |
| **WAGNERVALITUTTI & SHERBROOK** | David M. Cessante (P58796) |
| **KAREN B. BERKERY (P38698)** | Anne-Marie Vercruysse Welch (P70053) |
| **BRETT J. MILLER (P68612)** | Attorneys for Defendant |
| Attorneys for Plaintiff | 500 Woodward Ave, Ste. 3500 |
| 1 Woodward, Suite 2400 | Detroit, MI 48226 |
| Detroit, MI 48226 | P: (313) 965-8300 – F: (313) 965-8252 |
| P: (313) 965-6480 – F: (313) 965-7403 | Email: awelch@clarkhill.com |
| Email: Brett.Miller@kitch.com | |

4
